**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| v. | ) ) | **COMPLAINT** |
| B & J EXCAVATING, INC., | ) ) | |
| Defendant. | ) | JURY TRIAL DEMAND |

**NATURE OF THE ACTION**

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices that discriminate on the basis of race and to provide appropriate relief to William B. Pennington, who was adversely affected by such practices.  As articulated with greater particularity in paragraph 7 below, the Commission alleges that Mr. Pennington was discharged after being placed on temporary layoff status due to his race, Black, while similarly situated White individuals were returned to work or were hired.  As a result of the racially-discriminatory discharge, Mr. Pennington suffered severe emotional distress and backpay damages.

**JURISDICTION AND VENUE**

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to § 706(f) (1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. "§ 2000e-5(f)(1) and (3)" ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981A.

2.      The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Eastern District of

Pennsylvania.

## PARTIES

3.      Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000(e)-5(f) (1) and (3).

4.      At all relevant times, Defendant Employer, B & J Excavating, Inc., has continuously been and is now doing business in Downingtown, Pennsylvania and has continuously had at least fifteen (15) employees.

5.      At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6.      More than thirty days prior to the institution of this lawsuit, William B. Pennington filed a charge of employment discrimination with the Commission alleging violations of Title VII by Defendant Employer.  All conditions precedent to the institution of this lawsuit have been fulfilled.

7.      Since at least February 2006, Defendant Employer has engaged in unlawful employment practices at its Downingtown, Pennsylvania facility in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a) (1), by failing to return William B. Pennington to work, and thereby terminating his employment.

(a)      William B. Pennington worked for Defendant Employer as a full-time Pipe Layer Laborer from July 21, 2005 to February 14, 2006.  He was paid an hourly rate of $13.00 per

hour.

(b)     The Pipe Layer Laborer position, like the Black Top Paver Laborer position, was considered an unskilled entry-level position.  Mr. Pennington was qualified to work in either position.

(c)     As a Pipe Layer, Mr. Pennington performed general labor.  Additionally, Mr. Pennington was regularly charged with training of new Pipe Layer hires.  At no time was Mr. Pennington's work performance considered deficient or unsatisfactory.

(d)     Effective February 14, 2006, Defendant Employer placed Mr. Pennington on temporarily lay-off status. Defendant Employer instructed him to call the company weekly about work availability. Mr. Pennington complied with this request by calling the company weekly and expressed his interest in being returned to work.

(e)     In response to his calls, Mr. Pennington was advised by Defendant Employer that there was no work available for him to be returned to work, and that he should continue to call the company and/or that the company would contact him.

(f)     At no time was Mr. Pennington advised by Defendant Employer that he would not be returned to work from his layoff status.

(g)     To date, Mr. Pennington has not been returned to work.   However, other similarly situated white individuals, with less experience, skill and/or seniority, were returned to work or were hired into entry-level laborer positions while Mr. Pennington was told that there was no work available for him.

(h)     Mr. Pennington was available, qualified, and capable of performing both of the available entry-level laborer positions, Pipe Layer or Black Top Paver, for which Defendant

Employer hired less experienced white individuals.    Due to Defendant Employer's failure to return him to work, Mr. Pennington was deemed terminated as of the date of his layoff, February 14, 2006.

(i)    As a direct consequence of Defendant Employer's discriminatory action, Mr. Pennington suffered emotional harm and other damages.

8.    The effect of the practices complained of in paragraph 7 above, and its subparts, have been to deprive William B. Pennington of equal employment opportunities and otherwise adversely affect his status as an employee because of his race, Black. .

9.    The acts complained of in paragraph 7 above, and its subparts, were intentional.

10.    The unlawful employment practices complained of in paragraph 7 above, and its subparts, were done with malice or with reckless indifference to the federally protected rights of William B. Pennington.

### **PRAYER FOR RELIEF**

WHEREFORE, the Commission respectfully requests that this Court:

A.    Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in race discrimination, and any other employment practice which discriminates on the basis of race (Black).

B.    Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for minorities, and which eradicate the effects of its past and present unlawful employment practices.

C.    Order Defendant Employer to institute and carry out anti-discrimination

policies and complaint procedures.

D.      Order Defendant Employer to institute and carry out complaint procedures which encourage employees to come forward with complaints regarding violations of its policies against discrimination and harassment.

E.      Order Defendant Employer to institute and carry out a training program which shall promote supervisor accountability imposing on all managers and supervisory personnel a duty to actively monitor their work areas to ensure compliance with policies on non-discrimination and anti-harassment; and requiring all managers and supervisors to report any incidents and/or complaints of discrimination,  harassment and/or retaliation of which they become aware to the department charged with handling such complaints.

F.      Order Defendant Employer to make whole William B. Pennington by providing appropriate back pay and front pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

G.      Order Defendant Employer to make whole William B. Pennington by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 7 above, including, but not limited to out-of-pocket losses, in amounts to be determined at trial.

H.      Order Defendant Employer to make whole William B. Pennington by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraph 7 above, including pain and suffering, humiliation, embarrassment, loss of life's enjoyment and pleasures, depression, anxiety and inconvenience, in

amounts to be determined at trial.

        I.      Order Defendant Employer to pay William B. Pennington punitive damages for its malicious and reckless conduct described in paragraph 7 above, in amounts to be determined at trial.

        J.      Grant such further relief as the Court deems necessary and proper in the public interest.

        K.      Award the Commission its costs of this action.

JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

RONALD S. COOPER
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

JACQUELINE H. MCNAIR
Regional Attorney

JUDITH A. O'BOYLE
Supervisory Trial Attorney

IRIS SANTIAGO FLORES
Senior Trial Attorney

U.S. EEOC, Philadelphia District Office
801 Market Street, Penthouse, Suite 1300
Philadelphia, PA 19107-3127
(215) 440-2684(direct)
(215) 440-2828(fax)
PA BAR ID No.: PA60171
Iris.Santiago-Flores@eeoc.gov

7